JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARCO BABINI d/b/a SB2 CAPITAL,

### DEFENDANTS

JOHN D. THOMAS, JOHN D. THOMAS P.C., CANCER THERAPUTICS and CHENE GARDNER

(b)  County of Residence of First Listed Plaintiff   Vancouver
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Salt Lake County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address and Telephone Number)
Joseph M.R. Covey (7492)
Robyn L. Wicks (10637)
185 South State Street, Suite 800
Salt Lake City, Utah 84111

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Breach of Fiduciary Duty, Fraud, Securities Fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified damages and injunction

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   07/13/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Joseph M.R. Covey (7492)
Robyn L. Wicks (10637)
**PARR BROWN GEE & LOVELESS, P.C.**
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone:   (801) 532-7840
Facsimile:   (801) 532-7750
Email:        jcovey@parrbrown.com
              rwicks@parrbrown.com

*Attorneys for Plaintiff Marco Babini*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARCO BABINI d/b/a SB2 Capital,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN D. THOMAS, an individual, JOHN D. THOMAS, P.C., a Utah professional corporation, CANCER THERAPEUTICS, INC., a Utah Corporation, and CHENE GARDNER, an individual,<br><br>        Defendants. | **COMPLAINT**<br><br><br>Civil No. *2:10-cv-00642*<br><br>Judge *David Nuffer* |

Plaintiff Marco Babini d/b/a SB2 Capital complains of Defendants John D. Thomas ("Mr. Thomas"), John D. Thomas P.C. ("Thomas P.C."), Cancer Therapeutics, Inc. ("CT"), and Chene Gardner as follows:

### PARTIES

1.   Plaintiff is an individual whose state of citizenship is British Columbia, Canada.

2. Mr. Thomas is an individual whose state of citizenship is Utah.

3. Thomas P.C. is a professional corporation whose state of citizenship is Utah.

4. CT is a corporation whose states of citizenship are Utah and Delaware.

5. Gardner is an individual whose state of citizenship is Utah.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  The amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interests and costs, and there is diversity between the parties because Plaintiff is a citizen of a foreign state and Defendants are citizens of various States.

## FACTUAL ALLEGATIONS

**Mr. Thomas and Thomas P.C.**

7. Mr. Thomas is a lawyer licensed in Utah.

8. Mr. Thomas works for the law firm Thomas P.C.

9. Mr. Thomas is the sole principal of Thomas P.C.

10. Thomas P.C. is legal counsel for CT.

11. Thomas P.C. has served as legal counsel for CT since 2005.

12. Mr. Thomas is the registered agent for CT.

13. Mr. Thomas holds shares in CT.

**CT and Gardner**

14. CT holds itself out as a biotechnology company.

15. CT is a publicly-held company.

16. CT was founded in 1991.

17. CT is based in South Jordan, Utah.

18. Gardner is the CEO of CT.

19. Gardner is the CFO of CT.

20. Gardner is the director of CT.

21. Gardner is the sole principal of CT.

22. Gardner has been the CEO of CT since at least 2007.

23. Gardner has been the CFO of CT since at least 2007.

24. Gardner has been the director of CT since at least 2007.

25. Gardner has been the sole principal of CT since at least 2007.

26. The Utah Division of Corporations designates CT as an "Expired" domestic corporation.  A copy of the Utah Division of Corporations corporate status for CT is attached hereto as Exhibit A.

27. CT has held a delinquent registration with the Utah Division of Corporations since May 31, 2009.

28. The Delaware Division of Corporations designates CT as a "delinquent" domestic corporation.

29. CT has held a delinquent registration with the Delaware Division of Corporations since 2005.

**Plaintiff is Solicited to Invest in CT**

30. In late 2009, Phil Knight ("Mr. Knight") approached Plaintiff to ask if Plaintiff was interested in investing in CT.

31. Mr. Knight informed Plaintiff that CT was seeking to acquire the company NanoTherapies LLC ("NanoT").

32. Mr. Knight informed Plaintiff that CT needed capital for the acquisition of NanoT.

33. In early 2010, Plaintiff agreed to provide funds to CT in exchange for shares in CT.

34. Plaintiff only agreed to provide funds to CT under the condition that the funds were held in trust until Plaintiff authorized their release.

35. Mr. Knight was not Plaintiff's agent.

36. Plaintiff never authorized Mr. Knight to act on Plaintiff's behalf with regard to any transactions with CT.

**Plaintiff Transfers Funds to a Thomas P.C. Trust Account**

37. On February 21, 2010, at the direction of Mr. Knight, Plaintiff instructed URS to wire $150,000.00 USD (the "Funds") from Marans to the following account:  John D. Thomas PC Trust (the "Trust Account"), Acct. no. XXXXXXXX7401, Key Bank, 50 South Main Suite 1914, Salt Lake City, Utah  84114.

38. Thomas P.C. was holder of the Trust Account.

39. On February 22, 2010, the Funds were wired to the Trust Account.

40. Plaintiff instructed Thomas P.C. that it was only to release the Funds from the Trust

Account to CT upon receipt of written instructions from Plaintiff.

41. Plaintiff would not have proffered the Funds but for the Trust Account and the agreement that the Funds would not be released without Plaintiff's authorization.

42. In a February 17, 2010 letter to Plaintiff, Thomas P.C. stated that it was only to release the Funds to CT upon the instruction of Plaintiff. A copy of the February 17, 2010 letter from Thomas P.C. to Plaintiff is attached hereto as Exhibit B.

43. At the time Thomas P.C. received the Funds, Mr. Thomas did not inform Plaintiff that he owned shares in CT.

**Plaintiff Never Authorizes Release of the Funds**

44. On March 25, 2010, Plaintiff's executive assistant sent an email (the "Email") to Mr. Thomas stating that Babini was the authorized representative of SB2 Capital and asking that Mr. Thomas confirm that the Funds were still in trust.

45. Mr. Thomas did not respond to the Email.

46. Following the Email, Plaintiff's executive assistant left two voicemail messages for Mr. Thomas.

47. Mr. Thomas did not respond to either of these two voicemail messages from Plaintiff's executive assistant.

48. Around mid to late March 2010, Plaintiff himself left a voicemail for Mr. Thomas regarding the Funds.

49. Approximately one week after Plaintiff left this voicemail for Mr. Thomas, Mr.

Thomas left a voicemail for Plaintiff.

50. In this voicemail to Plaintiff, Mr. Thomas stated that the Funds remained in the Trust Account until instructions from Plaintiff were received.

51. Plaintiff never authorized or instructed Mr. Thomas to release the Funds to CT.

52. Plaintiff never authorized Mr. Knight to act on Plaintiff's behalf with regard to the Funds.

**Plaintiff Requests Return of the Funds**

53. On April 21, 2010, Plaintiff informed Mr. Thomas in writing that Plaintiff was not going to authorize the transfer of the Funds from the Trust Account to CT.  Copies of the two April 21, 2010 letters from Plaintiff to Mr. Thomas are attached hereto as Exhibit C.

54. In the April 21, 2010 letters from Plaintiff to Mr. Thomas, Plaintiff directed Mr. Thomas to transfer the Funds from the Trust Account to the trust account of Plaintiff's attorney Carrillo Huettel, LLP ("Plaintiff's Account").

55. On April 29, 2010, Marans sent a letter to Mr. Thomas, on behalf of Plaintiff, reiterating that Thomas P.C. was to transfer the Funds to Plaintiff's Account.  A copy of the April 29, 2010 letter from Marans to Mr. Thomas is attached hereto as Exhibit D.

56. Thomas P.C. has never transferred the Funds to Plaintiff's Account.

**Mr. Thomas Released the Funds without Plaintiff's Authorization**

57. Thomas P.C. released the Funds to CT.

58. The release of the Funds to CT was done without Plaintiff's authorization.

59.  Thomas P.C. failed to immediately notify Plaintiff that the Funds had been released to CT.

60. Plaintiff has not received any CT stock from CT in exchange for the Funds.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty – Mr. Thomas/Thomas P.C.)

61. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 60 herein.

62. The Funds belong to Plaintiff.

63. By accepting the Funds, Thomas P.C. assumed a fiduciary duty to Plaintiff.

64. The fiduciary duty assumed by Thomas P.C. included only releasing the Funds per and upon the instructions of Plaintiff.

65. Thomas P.C. released the Funds to CT.

66. Thomas P.C. willfully released the Funds to CT.

67. Thomas P.C. intentionally released the Funds to CT.

68. Mr. Thomas personally caused Thomas P.C. to release the Funds.

69. The release of the Funds to CT benefitted Mr. Thomas.

70. Plaintiff never gave Thomas P.C. instructions or authorization to release the Funds to CT.

71. In knowingly releasing the Funds to CT without Plaintiff's instruction, Thomas P.C. acted with reckless indifference to the rights of Plaintiff.

72. In releasing the Funds to CT without Plaintiff's authorization and instructions, Thomas P.C. breached its fiduciary duty to Plaintiff.

73. Plaintiff has suffered damages in the amount of $150,000.00.

74. Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
### (Constructive Fraud – Mr. Thomas/Thomas P.C.)

75. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 74 herein.

76. The Funds belong to Plaintiff.

77. By accepting the Funds, Thomas P.C. assumed a fiduciary duty to Plaintiff.

78. Thomas P.C. released the Funds to CT.

79. Mr. Thomas personally caused Thomas P.C. to release the Funds to CT.

80. Plaintiff never authorized or instructed Thomas P.C. to release the Funds to CT.

81. Thomas P.C. failed to immediately notify Plaintiff that the Funds had been released.

82. Mr. Thomas filed to immediately notify Plaintiff that the Funds had been released.

83. Mr. Thomas's statement to Plaintiff via voicemail in March 2010 that the Funds were still in the Trust Account was untrue.

84. The transfer of the Funds from the Trust Account to CT was material.

85. Plaintiff has suffered damages in the amount of $150,000.00.

86. Plaintiff is entitled to punitive damages.

## THIRD CAUSE OF ACTION
### (Fraudulent Concealment – Thomas P.C./Mr. Thomas)

87. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 86 herein.

88. The Funds belong to Plaintiff.

89. By accepting the Funds, Thomas P.C. assumed a fiduciary duty to Plaintiff.

90. Thomas P.C. had a duty to communicate with Plaintiff about any change in the status of the Funds.

91. Thomas P.C. released the Funds from the Trust Account to CT.

92. Thomas P.C. failed to immediately notify Plaintiff that the Funds had been released.

93. Thomas P.C. willfully declined to immediately notify Plaintiff that the Funds had been released to CT.

94. Thomas P.C. intentionally declined to immediately notify Plaintiff that the Funds had been released to CT.

95. In knowingly declining to immediately notify Plaintiff that the Funds had been released to CT, Thomas P.C. acted in reckless indifference to the rights of Plaintiff.

96. Mr. Thomas personally caused Thomas P.C. to not immediately notify Plaintiff that the Funds had been released to CT.

97. The transfer of the Funds from the Trust Account to CT was material.

98. Plaintiff has suffered damages in the amount of $150,000.00.

99. Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### (Conversion – Mr. Thomas/Thomas P.C.)

100.  Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 99 herein.

101.  The Funds belong to Plaintiff.

102.  Plaintiff has a right to immediate possession of the Funds.

103.  Thomas P.C. willfully released the Funds to CT.

104.  Thomas P.C. intentionally released the Funds to CT.

105.  Mr. Thomas personally caused Thomas P.C. to release the Funds to CT.

106.  Plaintiff did not give Thomas P.C. instructions or authorization to release the Funds to CT.

107.  Thomas P.C. had no lawful justification for releasing the Funds to CT.

108.  In knowingly releasing the Funds to CT without Plaintiff's instructions or authorization, Thomas P.C. acted with reckless indifference to the rights of Plaintiff.

109.  Due to Thomas P.C.'s release of the Funds to CT, Plaintiff is deprived of the use and possession of the Funds.

110.  Plaintiff has suffered damages in the amount of $150,000.00.

111.  Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION
### (Fraud – Mr. Thomas)

112.  Plaintiff incorporates by this reference the allegations contained in Paragraphs 1

through 111 herein.

113. In late March 2010, Mr. Thomas informed Plaintiff via voicemail that the Funds were in the Trust Account.

114. At the time Mr. Thomas informed Plaintiff that the Funds were in the Trust Account, the Funds were not in the Trust Account.

115. At the time Mr. Thomas informed Plaintiff that the Funds were in the Trust Account, Mr. Thomas knew the Funds were not in the Trust Account.

116. In the alternative, at the time Mr. Thomas informed Plaintiff that the Funds were in the Trust Account, Mr. Thomas knew he did not have sufficient information on which to base his statement that the Funds were in the Trust Account.

117. In informing Plaintiff that the Funds were in the Trust Account, Mr. Thomas intended Plaintiff to rely on that information.

118. At the time Plaintiff received the information from Mr. Thomas that the Funds were in the Trust Account, Plaintiff believed the Funds were in the Trust Account.

119. Because Plaintiff believed the Funds were in the Trust Account, Plaintiff took no action to recover the Funds.

120. Because Plaintiff believed the Funds were in the Trust Account, Plaintiff took no action to demand that CT transfer stock in return for the Funds.

121. Plaintiff has suffered damages in the amount of $150,000.00.

122. Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment – Mr. Thomas)

123. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 122 herein.

124. As a shareholder in CT, Mr. Thomas received a benefit from the transfer of the Funds to CT.

125. Mr. Thomas knows of the benefit conferred by the transfer of the Funds to CT.

126. It is inequitable and damaging to Plaintiff for Mr. Thomas to retain the benefits of the Funds without payment to Plaintiff.

## SEVENTH CAUSE OF ACTION
### (Unlawful Fraud under Utah Code Ann. § 61-1-1(2) –Mr. Thomas)

127. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 126 herein.

128. In late March 2010, Mr. Thomas informed Plaintiff via voicemail that the Funds were in the Trust Account.

129. At the time Mr. Thomas informed Plaintiff that the Funds were in the Trust Account, the Funds were not in the Trust Account. and been released to CT.

130. At the time Mr. Thomas informed Plaintiff that the Funds were in the Trust Account, the Funds had been released to CT.

131. At the time Mr. Thomas informed Plaintiff that the Funds were in the Trust Account, Mr. Thomas knew the Funds had been released to CT.

132. Mr. Thomas failed to immediately notify Plaintiff that the Funds had been Released to CT.

133. CT failed to deliver CT stock in exchange for the Funds.

134. The location and release of the Funds were material.

135. Mr. Thomas made the above alleged misrepresentations and omissions in connection with CT's sale of and/or offer to sell CT stock to Plaintiff.

136. Plaintiff has suffered damages in the amount of $150,000.00.

137. Plaintiff is entitled to punitive damages.

### EIGHTH CAUSE OF ACTION
**(Liability under Utah Code Ann. § 61-1-22 –Mr. Thomas)**

138. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 137 herein.

139. Thomas P.C./Mr. Thomas have committed unlawful fraud in violation of Utah Code Ann. § 61-1-1(2).

140. This fraud was intentional.

141. Plaintiff has suffered damages in the amount of $150,000.00.

142. Plaintiff is entitled to treble damages.

### NINTH CAUSE OF ACTION
**(Liability under Utah Code Ann. § 16-10a-204 – Mr. Thomas)**

143. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 142 herein.

144.  Since May 31, 2009, CT has been an "expired" corporation within the State of Utah.

145.  Since May 21, 2009, Mr. Thomas knew or should have known that the status of CT was "expired."

146.  Since May 31, 2009, Mr. Thomas has purported to act on behalf of CT.

147.  Mr. Thomas is personally liable for the actions of CT alleged herein.

## TENTH CAUSE OF ACTION
### (Conversion -- CT)

148.  Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 147 herein.

149.  The Funds belong to Plaintiff.

150.  Plaintiff has a right of immediate possession to the Funds.

151.  Thomas P.C. released the Funds to CT without Plaintiff's authorization or instruction.

152.  CT willfully accepted the transfer of the Funds from the Trust Account.

153.  CT intentionally accepted the transfer of the Funds from the Trust Account.

154.  CT has willfully declined to return the Funds to Plaintiff.

155.  CT has intentionally declined to return the Funds to Plaintiff.

156.  CT has no lawful justification for keeping the Funds.

157.  In knowingly accepting and retaining the Funds, CT has acted with reckless indifference to the rights of Plaintiff.

158. Due to CT refusal to return the Funds, Plaintiff is deprived of the use and possession of the Funds.

159. Plaintiff has suffered damages in the amount of $150,000.00.

160. Plaintiff is entitled to punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Unjust Enrichment –CT)

161. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 160 herein.

162. CT received a benefit from the transfer of the Funds.

163. CT knows of the benefit conferred on it by transfer of the Funds.

164. It is inequitable and damaging to Plaintiff for CT to retain the Funds without giving Plaintiff anything in exchange.

## TWELFTH CAUSE OF ACTION
### (Liability under Utah Code Ann. § 61-1-22 – CT)

165. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 164 herein.

166. CT directly or indirectly controlled Mr. Thomas with regard to sales or offers to sell CT stock.

167. Mr. Thomas has committed unlawful fraud in violation of Utah Code Ann. § 61-1-1(2).

168. Plaintiff has suffered damages in the amount of $150,000.00.

169. Plaintiff is entitled to treble damages.

## THIRTEENTH CAUSE OF ACTION
### (Liability under Utah Code Ann. § 61-1-22 – Gardner)

170. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 169 herein.

171. Gardner directly or indirectly controlled Mr. Thomas with regard to sales or offers to sell CT stock.

172. Mr. Thomas has committed unlawful fraud in violation of Utah Code Ann. § 61-1-1(2).

173. Plaintiff has suffered damages in the amount of $150,000.00.

174. Plaintiff is entitled to treble damages.

## FOURTEENTH CAUSE OF ACTION
### (Liability under Utah Code Ann. § 16-10a-204 – Gardner)

175. Plaintiff incorporates by this reference the allegations contained in Paragraphs 1 through 174 herein.

176. Since May 31, 2009, CT has been an "expired" corporation within the State of Utah.

177. Since May 31, 2009, Gardner knew or should have known that the status of CT was "expired."

178. Since May 31, 2009, Gardner has purported to act on behalf of CT.

179. Gardner is personally liable for the actions of CT alleged herein.

## DEMAND FOR RELIEF

Plaintiff demands:

A.   UNDER THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR
RELIEF, for judgment in favor of Plaintiff and against Thomas P.C. and Mr.
Thomas, in the amount of $150,000, along with punitive damages, prejudgment
interest, postjudgment interest, costs, and attorney fees.

B.   UNDER THE FIFTH CLAIM FOR RELIEF, for judgment in favor of Plaintiff
and against Mr. Thomas, in the amount of $150,000, along with punitive
damages, prejudgment interest, postjudgment interest, costs, and attorney fees.

C.   UNDER THE SIXTH CLAIM FOR RELIEF, for judgment in favor of Plaintiff
and against Mr. Thomas in the amount of $150,000, along with prejudgment
interest, postjudgment interest, costs, and attorney fees.

D.   UNDER THE SEVENTH CLAIM FOR RELIEF, for judgment in favor of
Plaintiff and against Mr. Thomas in the amount of $150,000, along with punitive
damages, prejudgment interest, postjudgment interest, costs, and attorney fees.

E.   UNDER THE EIGHTH CLAIM FOR RELIEF, for judgment in favor of Plaintiff
and against Mr. Thomas in the amount of $150,000, along with treble damages,
statutory interest, prejudgment interest, postjudgment interest, costs, and attorney
fees.

F.     UNDER THE NINTH CLAIM FOR RELIEF, for judgment in favor of Plaintiff
       and against Mr. Thomas in the amount of $150,000, along with applicable
       punitive damages, prejudgment interest, postjudgment interest, costs, and attorney
       fees.

G.     UNDER THE TENTH CLAIM FOR RELIEF, for judgment in favor of Plaintiff
       and against CT in the amount of $150,000, along with punitive damages,
       prejudgment interest, postjudgment interest, costs, and attorney fees.

H.     UNDER THE ELEVENTH CLAIM FOR RELIEF, for judgment in favor of
       Plaintiff and against CT in the amount of $150,000, along with prejudgment
       interest, postjudgment interest, costs, and attorney fees.

I.     UNDER THE TWELFTH CLAIM FOR RELIEF, for judgment in favor of
       Plaintiff and against CT in the amount of $150,000, along with treble damages,
       prejudgment interest, postjudgment interest, costs, and attorney fees.

J.     UNDER THE THIRTEENTH CLAIM FOR RELIEF, for judgment in favor of
       Plaintiff and against Gardner in the amount of $150,000, along with treble
       damages, statutory interest, prejudgment interest, postjudgment interest, costs,
       and attorney fees.

K.     UNDER THE FOURTEENTH CLAIM FOR RELIEF, for judgment in favor of
       Plaintiff and against Gardner in the amount of $150,000, along with applicable

punitive   and   treble   damages,   statutory   interest,   prejudgment   interest,

postjudgment interest, costs, and attorney fees.

L.      UNDER ALL CLAIMS FOR RELIEF, for such other and further relief as the

Court deems proper.

DATED this 13th day of July 2010.

                                        **PARR BROWN GEE & LOVELESS, P.C.**


                                         /s/ Joseph M. R. Covey _             
                                        Joseph M.R. Covey
                                        Robyn L. Wicks
                                        *Attorneys for Plaintiff Marco Babini*

**Plaintiff's Address:**   ,
Marco Babini
3002 – 1205 West Hastings Street
Vancouver BC, Canada
V6E4T7